## SMITH ET AL. *v.* EELS ET AL.

[No. 3,906. Filed October 1, 1901.]

EXECUTORS AND ADMINISTRATORS.—*Mortgages.*—An administrator may under §§2489, 2524, Burns 1901, mortgage a decedent's real estate to procure money for the payment of debts, and a mortgage executed for such purpose by an administrator, upon order of court, is binding upon heirs who were made parties to the petition. *p. 323.*

SAME.—*Mortgages.*—A mortgage executed by an administrator under §§2489, 2524, Burns 1901, on the lands of decedent to procure money for the payment of decedent's debts, and approved by the court, is not rendered invalid by the incorporation therein of a clause waiving valuation and appraisement laws. *p. 324.*

From Warrick Circuit Court; *E. M. Swan,* Judge.

Action by Minnie M. Smith and others against Elvira H. Eels and others to review a judgment of foreclosure. From a judgment on demurrer to complaint, plaintiff appeals. *Affirmed.*

*George Palmer,* for appellants.

*James T. Walker,* for appellees.

WILEY, P. J.—This case was transferred from the Supreme Court and is an action to review a judgment of foreclosure. The lower court sustained a demurrer to the complaint, and such ruling is assigned as error.

The foreclosure proceedings were based upon a mortgage executed by one Haas, as administrator of the estate of Harriet Pine, deceased. The personal estate of said decedent was insufficient to pay her debts, and the administrator peti-

tioned the proper court asking that he be directed to borrow a sufficient sum of money to pay the debts and costs of administration. The prayer of the petition was granted, and the administrator was directed to borrow $1,000 at eight per cent. interest, and secure the payment of the same by a mortgage on the real estate owned by decedent at the time of her death. The order provided that the money should be borrowed for a term of three years; that the interest should be paid annually, and that in default of the payment of the interest, the principal of said sum should at once become due, etc. All parties interested in said estate were made parties to said petition and were properly brought into court. The administrator executed his note to the lender, and also a mortgage on the real estate. The mortgage was executed by the administrator and C. C. Pine, the husband of the decedent, and contained this provision: "And the mortgagor, as administrator, and C. C. Pine agree to pay the sum of money above secured without relief from valuation or appraisement laws." This mortgage was reported to the court and approved by the judge. Interest on this loan was defaulted, and the mortgagee proceeded to foreclose. All the heirs of the estate, including appellants, were made parties to that proceeding and duly brought into court by summons. Upon the final hearing of the cause, a decree of foreclosure was entered, and the real estate was ordered sold to pay the amount found to be due. The decree directed that the real estate be sold without relief, etc. · In the complaint for review, the only available error pointed out is, that the complaint to foreclose did not state facts sufficient to constitute a cause of action against appellants. The error assigned is the sustaining of the demurrer to the complaint.

In his brief, counsel for appellants says, that the complaint to foreclose was insufficient to constitute a cause of action for two reasons: (1) In that it does not show any title or right in the administrator to execute the mortgage declared on. (2) In that the mortgage declared on was

void on its face because of the provision waiving valuation and appraisement, and "agreements which the court had no power to order and which the administrator had no power to insert", etc. We will dispose of these two propositions in their order.

(1) Did the administrator have the right to mortgage the real estate? It is the duty of an executor or administrator to pay the debts of his decedent, if such decedent left sufficient property out of which the debts can be paid. To this end, the personal assets of the estate must first be exhausted, and if they prove insufficient resort may be had to the real estate. As affects the real estate of a decedent, the statute provides three modes of raising funds with which to pay debts, viz: (1) By sale; (2) by mortgage; (3) by lease. §§2489, 2524 Burns 1894, §§2336, 2368 Horner 1897.

Of the right of an administrator to borrow money with which to pay debts and to secure their payment by mortgage on the decedent's real estate, there can be no doubt, for the statute expressly confers such right. Section 2524, *supra,* provides that "Instead of ordering the sale of real estate for the payment of debts * * *, the court may authorize the executor or administrator to mortgage or lease such real estate * * * for any period not longer than five years, if it shall appear that the money necessary to be raised can be procured thereby to the interest of the estate." In this instance, the administrator made his application to the court, and the court found that it was to the best interest of the estate that the money should be borrowed, instead of resorting to the sale of the real estate, and ordered the administrator to borrow $1,000, and fixed the rate of interest the loan should bear.

In *Ames* v. *Holderbaum,* 44 Fed. 224, it was held that where a will gave an executor authority to negotiate loans and execute mortgages for the purpose of meeting indebtedness on the lands of the testator, the title to the lands passed to the executor for the purposes of the trust. While under

our statute the title to real estate of the decedent does not vest in the administrator, yet he is vested with such an interest in the land for the purpose of executing his trust that he may, by complying with the statute, mortgage the real estate to pay the debts, and such mortgage will be binding on the heirs where they have been made parties to the petition to mortgage. The statute itself, and the case cited, remove from the domain of doubt the first objection urged to the complaint of foreclosure.

(2)  Was the mortgage declared on void on its face because it waived appraisement? This inquiry, in our judgment, is settled adversely to appellant by the statute. Section 2525 Burns 1894, provides that "A  *  *  *  mortgage, executed by the executor or administrator, under the authority of the court, shall be as valid as if executed by the deceased in his lifetime." It is not contended that the proceedings resulting in the execution of the note and mortgage were irregular, but that the administrator had no authority to insert in the mortgage the waiver of appraisement. The court did provide in its order directing the administrator to borrow the money that he should execute a note and mortgage as administrator, and that the note should provide that the interest was to be paid annually, and in default of the payment of the interest, the whole debt should become due. We must indulge the presumption that the legislature in making provision for an administrator to borrow money under certain conditions, deemed it unnecessary to define by statute just what conditions should be written into the mortgage, and that ordinary business methods should be pursued. It is to be expected that persons who loan money under such circumstances should protect their interests according to well known business usages, and so in this case the contract between the administrator and the mortgagee was that the debt should be payable without relief from valuation or appraisement laws, and this condition was made a part of the mortgage. The mortgage as thus executed was re-

ported to the court and approved. We are clear that that provision of the mortgage did not make it void, and as appellants were parties, both to the application to mortgage and to the foreclosure proceedings, they are bound under the plain language of the statute for the statute says that the mortgage executed under the order of the court shall be as valid as if executed by the deceased in his lifetime.

Upon his second proposition counsel for appellant admits that there is no authority in support of it, and his argument fails to convince us that there is any merit in it.

In their complaint to review, appellants have not pointed out any error in the foreclosure proceedings that entitle them to the relief asked, and the trial court correctly sustained the demurrer to it.

Judgment affirmed.